## IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

'13 ... 11  M 8: 45

SUPERIOR COURT OF GUAM

VICTOR C. FERNANDEZ and
MARIE A. FERNANDEZ,

        Plaintiffs,

        vs.

LI, XIU, YAN, WANG, JUN RONG, and
YUN SHING GUAM, INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CIVIL CASE NO. CV0970-13**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendants' motion to dismiss, filed September 11, 2013. Oral arguments were heard on November 15, 2013. Attorney William B. Pole represented Plaintiffs and Attorney Phillip Torres appeared on behalf of Defendants. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On August 14, 2013, Plaintiffs filed a verified complaint alleging that Defendants breached a lease agreement between Plaintiffs and Defendants in which Defendants rented a house at 175A Naiao PL, Barrigada, Guam (hereinafter "Premises") from Plaintiffs, committed fraud in the inducement and actual fraud in failing to renovate the Premises, and caused additional damages to the Premises. (Verified Compl., 2-4, Aug. 14, 2013).

On September 11, 2011, Defendants, jointly and individually, filed a motion to dismiss on three grounds: (1) Defendant Xi Yan Li moves to dismiss the case against her on the grounds that the Complaint fails to state a contract claim against her upon which relief can be granted; (2) Defendants Jun Rong Wang and Yung Shing Guam, Inc. move to dismiss the claims against them by Plaintiffs for failure to state a claim against them; and (3) Defendants jointly move to

dismiss this action against all of them on the grounds that Plaintiffs did not have a business license during the times asserted in their claims. (Mot. Dismiss, 1, Sept. 11, 2013).

On October 8, 2013, Plaintiff filed an opposition to the motion, arguing that (1) there are sufficient facts pled to show that Plaintiffs entered into a lease and that Defendants failed to live up to the terms of the Lease resulting in financial loss and harm; (2) Plaintiffs have a valid business license; (3) a contract dispute exists between the parties; (4) Plaintiffs should be given leave to amend the complaint if Defendants' motion is successful. (Opp'n Mot., 2-7, Oct. 8. 2013).

On October 23, 2013, Defendant filed a reply, arguing that Defendant Li was the only Defendant to have signed to the lease agreement and the lease agreement contains deficiencies which precluded the agreement from constituting a contract. (Reply, 2-3, Oct. 8, 2013). Further, Defendant asserts that Plaintiffs have not pled with particularity and that Plaintiffs failed to have a valid business license during the term of the lease agreement from February 21, 2011 to February 20, 2013. *Id.* at 3-4.

## DISCUSSION

### I.     Motion to Dismiss

Under Guam R. Civ. P. 12(b)(6), a claim may be dismissed where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Core Tech Intn'l Corp. v. Hanil Engineering & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to dismiss a claim pursuant to Rule 12(b)(6), a court must review the pleading in the light most favorable to the non-movant, accept its material allegations of fact as true, and resolve any doubts in favor of the non-movant. *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9.

In this case, viewing the verified complaint in the light most favorable to Plaintiffs and accepting its material allegations as true, Defendants failed to renovate the Premises as required under the lease agreement and caused additional damages to the Premises. (Verified Compl., 3, Aug. 14, 2013). On this basis, the verified complaint alleges that Defendants breached a contract, committed fraud, and caused further damage to the house.

A complaint that is attacked under Guam R. Civ. P. 12(b)(6), "need not contain detailed factual allegations, [but] a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Core Tech*, 2010 Guam 13 ¶ 52 (quoting *Twombly*, 550 U.S. at 555). Guam R. Civ. P. 12(b)(6) was adopted from Fed. R. Civ. P. 12(b)(6) and a federal court's interpretation of the analogous federal rule is persuasive authority. Guam R. Civ. P. 12(b)(6). *See also Sananap v. Cyfred, Ltd.*, 2011 Guam 21 ¶ 24 n. 13; *Pelowski v. Taitano*, 2000 Guam 34 ¶ 12. The U.S. Supreme Court holds the following regarding how substantive a pleading must be to survive a Civil Procedure Rule 12(b)(6) motion:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'...The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully...But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2). In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009) (citations omitted).

Pursuant to Guam R. Civ. P. 8(a), a complaint shall contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." The U.S. Supreme Court explains that:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement. ...a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citations omitted).

The Court goes on to explain that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice...Rule 8 marks a notable and

generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* (citations omitted).

Defendants here filed a motion to dismiss on three grounds: (1) Defendant Xi Yan Li moves to dismiss the case against her on the grounds that the Complaint fails to state a contract claim against her upon which relief can be granted; (2) Defendants Jun Rong Wang and Yung Shing Guam, Inc. move to dismiss the claims against them by Plaintiffs for failure to state a claim against them; and (3) Defendants jointly move to dismiss this action against all of them on the grounds that Plaintiffs did not have a business license during the times asserted in their claims. (Mot. Dismiss, 1, Sept. 11, 2013). Each ground will be discussed, in turn.

## II.     Contract Claim Against Defendant Li

Defendant argues that the lease agreement does not comport with the elements of a contract because the consideration for the agreement cannot be determined from the agreement. (Mot. Dismiss, 2, Sept. 11, 2013). Under Guam law, an enforceable contract requires an offer, acceptance, and consideration. *Mobil Oil Guam, Inc. v. Tendido*, 2004 Guam 7 ¶ 34 (citing 18 GCA § 85102 (1992) ("It is essential to the existence of a contract that there should be: 1) Parties capable of contracting; 2) Their consent; 3) A lawful object; and 4) A sufficient cause or consideration.")). Even if a contract is not stated in words, an implied contract can exist where the terms are manifested by conduct. 18 GCA § 86103 (2005).

In the present case, the breach of contract claim is supported by the following alleged facts: (1) On or about February 21, 2011, Defendant Li executed a two year lease ending on February 20, 2013 to rent the Premises; (2) The lease required Defendants to renovate and repair the Premises as partial consideration; (3) Defendant Li immediately took possession and took occupancy of the Premises; and (4) Defendant Li paid $350 per month for rent. These facts, when taken as true, address the existence of a contract between Plaintiffs and Defendant Li and how Defendant Li breached the contract. This breach of contract claim raises a right to

relief above the speculative level and for these reasons, the claim is plausible on its face and shall not be dismissed on this ground. *See Twombly*, 550 U.S. at 555.

## III. Fraud Claim

Defendants argue that Plaintiffs have not pled fraud with particularity and that they have not provided sufficient facts and circumstances to allege misrepresentation. (Reply, 3, Oct. 23, 2013). Under Guam law, the elements of fraud are as follows: "1) a misrepresentation; 2) knowledge of falsity (or scienter); 3) intent to defraud to induce reliance; 4) justifiable reliance; 5) resulting damages." *Trans Pacific Export Co. v. Oka Towers Corp.*, 2003 Guam 3 ¶ 23 (citations omitted).

The fraud claim brought by the Fernandez Plaintiffs is supported by the following alleged facts: (1) Defendant Wang, a licensed and experienced contractor, induced Plaintiffs to rent the Premises to the Defendants without which Plaintiffs would not have entered into the lease; (2) Throughout the period of the lease, Defendants repeatedly promised that full repairs, renovations and/or improvements would be completed to the Premises; 3) Defendants left the Premises without having made the renovations and repairs; and 4) Damages resulted from the failure to complete the improvements to the Premises. These facts, when taken as true, do not address how Defendants actions, or inactions, constitute fraud. Specifically, Plaintiffs do not allege any factual allegations as to the knowledge of falsity (or scienter) on the part of Defendants when dealing with Plaintiffs and also lack factual allegations relating to Defendants' intent to defraud to induce reliance. Absent a well pled fact of fraud, the claim fails to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. For these reasons, the claim of fraud is not plausible on its face and that claim shall be dismissed.[1]

//

//

---

[1] Defendants further oppose dismissal on the grounds that amendment should be granted. This argument lacks merit because no amended pleading has been presented for the Court to review. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

**IV. Claims Against Defendants Jun Rong Wang and Yung Shing Guam, Inc. as to the Lease Agreement**

Defendant Wang and Defendant Yun Shing Guam, Inc. argue that they are not parties to the lease agreement and should not be part of the suit. (Mot. Dismiss, 3, Sept. 11, 2013). Plaintiffs allege that Defendant Li entered into the lease on behalf of all the Defendants. (Compl., 2, Aug. 14, 2013). Plaintiffs appear to have included Defendant Wang in the suit because Defendant Wang allegedly induced Plaintiffs to rent the house to Defendant Li. However, as stated above, the fraud claim is dismissed. *Id.* Furthermore, Plaintiffs appear to have included Defendant Yun Shing Guam, Inc. in the suit because Defendant Li and Defendant Wang wholly own Yun Shing Guam, Inc. and the Premises were used by the company's workers. *Id.* However, the lease agreement is only signed by the Defendant Li and Plaintiffs fails to adequately show how Defendant Li entered into the lease on behalf of the other two Defendants in this suit or in his or her capacity as owner of Yun Shing Guam, Inc. Absent such a showing and a well pled fact of a breach of contract against Defendants Wang and Yun Shing Guam, Inc., the breach of contract claim cannot be maintained against Defendants Wang and Yun Shing Guam, Inc., and those claims against them which refer to the lease agreement shall be dismissed. *See Twombly*, 550 U.S. at 555. ("Factual allegations must be enough to raise a right to relief above the speculative level").

**V. Business License**

Defendants argue that 11 GCA § 70130 provides that a plaintiff cannot maintain the action if he or she does not have a business license and, because Plaintiffs did not have a business license during the period in question, they are precluded from maintaining this lawsuit against Defendants. (Mot. Dismiss, Sept. 11, 2013). Plaintiffs assert that the recent amendments to the statute allow a business to cure any issues that would arise from not having obtained a business license. (Opp'n Mot., 4-5, Oct. 8, 2013).

This case involves Guam's Business License Law, found at 11 GCA §§ 70101 *et seq.* (2007). In deciding the business license issue herein, the Court finds the following statutes relevant:

**11 GCA § 70130. Restriction of Activities on Persons Engaging in, Transacting, Conducting, Continuing, Doing, or Carrying on a Business Without Licenses.**

It is the policy of the government of Guam that all persons engaging in, transacting, conducting, continuing, doing, or carrying on a business have business licenses. Unless otherwise specifically exempted by law, no person shall engage in, transact, conduct, continue, do, or carry on a business in Guam until it obtains a business license. The requirement to obtain a business license shall be independent of and in addition to a requirement for a certificate of authority from the Director of Revenue and Taxation or other applicable regulating agency or board, pursuant to applicable Guam laws, including, but not limited to, 22 GCA § 15307, 22 GCA § 15102, 18 GCA § 7102 and 11 GCA § 106213.

**11 GCA § 70131. Consequences of Engaging in, Transacting, Conducting, Continuing, Doing, or Carrying on a Business Without Business License or Certificate of Authority.**

(b) Any person engaging in, transacting, conducting, continuing, doing, or carrying on a business on Guam without a business license and, as may be required by all applicable laws of Guam, a certificate of authority from the Director of the Department of Revenue and Taxation, or other applicable regulating agency or board, may not maintain a proceeding in any Court on Guam until it obtains a business license and, as may be required by all applicable laws of Guam, a certificate of authority to transact business on Guam.

...

(e) Notwithstanding the provisions of this Section, the failure of a person to obtain a business license, and, as may be required by all applicable laws of Guam, a certificate of authority from the Director of the Department of Revenue and Taxation, or other applicable regulating agency or board, does not impair the validity of its corporate acts or prevent it from defending any proceeding in Guam.

Furthermore, Title 11 Chapter 76, a subset of the Business License law, provides, in pertinent part:

Every person engaged in or carrying on any service business or calling, which shall include *all non-professional activities engaged in for other persons for consideration*, involving the rendering of a service as distinguished from the production or sale of tangible property, but not including the services rendered by an employee to his employer, *shall be required annually to obtain a service license*. The annual fee for a service license shall be Fifty Dollars ($50.00) except that the fee shall be *Ten Dollars ($10.00) for any person who rents or leases not more than one family–residential unit*.

11 GCA § 76101 (2007) (emphasis added).

Here, Plaintiffs rented a house to Defendants for the consideration of $350 per month

and renovation to the house. Therefore, Plaintiffs were required to obtain a license. *See* 11 GCA § 76101 (2007). The lease period was from February 21, 2011 to February 20, 2013, but the Plaintiffs obtained a license on April 17, 2013. (Opp'n Mot., Exhibit 9, Oct. 8, 2013).

Under Guam law, the lack of a business license does not void the underlying obligation altogether. *Guam Tai-Pan Dev. and Constr. Inc. v. Yigo Alta Estates*, 2002 Guam 20 ¶ 11. Thus, the failure of Plaintiffs to hold a business license does not negate the validity of the underlying lease agreement. *Jenkins v. Montallana*, 2007 Guam 12 ¶ 21 n.7 (citation omitted). However, even if a Plaintiff obtains a business license thereafter, he or she may not collect for the breaches of an agreement that occurred during the period of time within which the individual did not have a valid business license. *Arashi & Co., Inc. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶ 26. Thus, under Guam Supreme Court precedent, Plaintiffs may not recover for the breaches of the lease agreement during the period which Plaintiffs did not have a valid business license, which equates to any time before Apr. 17, 2013. Because the complaint alleges breaches to the lease agreement before Apr. 17, 2013, any and all claims against Defendants arising from the lease agreement shall be dismissed.

Having found that Plaintiffs may not recover for the breaches of the lease agreement for the period in which Plaintiffs did not hold a business license, any amendment to the complaint in this regard is futile and thus, leave to amend the complaint shall not be awarded to Plaintiffs. *See Arashi & Co., Inc. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶ 16 (finding that leave to amend may be denied in circumstances where amendment would be futile).

## VI.    Property Damage Claim

Plaintiffs state a cause of action against Defendants alleging that Defendants' "workers/employees" caused an estimated $12,993.55 in physical damage to Plaintiffs' house. (Verified Compl., 3, Aug. 14, 2013). Plaintiffs allege Defendants are liable for said damages via a *respondeat superior* theory. Id. This alleged cause of action is unaffected by Plaintiffs' ability to legally enforce a lease agreement or their timely acquisition of a business license. Further, Defendants did not specifically address this particular claim by Plaintiffs in their

motion to dismiss. Thus this claim withstands that dismissal motion.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendants' motion to dismiss is hereby GRANTED in part, such that the fraud claim and any and all claims pertaining to the lease agreement are hereby dismissed. The claim regarding a cause of action for damage to real and/or personal property, as well as any other cognizable claims not discussed above, survive the motion to dismiss.

SO ORDERED this ___11TH___ day of February, 2014.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

FEB 11 2014

Enrique F. Aflague, Jr.
Deputy Clerk, Superior Court of Guam